UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KEVIN FOYE, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 23-616 (RBK) (AMD) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | **MEMORANDUM & ORDER** |
| | : | |
| Defendant. | : | |

Plaintiff is proceeding *pro se* with a civil complaint filed pursuant to the Federal Tort Claims Act ("FTCA") against Defendant the United States. Plaintiff asserts he was injured while incarcerated at F.C.I. Fort Dix by Federal Bureau of Prisons ("BOP") staff while giving a urine sample. Plaintiff alleges his injury was due to the negligence of BOP staff.

Plaintiff seeks leave to proceed *in forma pauperis*. (*See* ECF 3). Leave to proceed in this Court without prepayment of fees is authorized. *See* 28 U.S.C. § 1915. This case is subject to *sua sponte* screening by the Court. Plaintiff's FTCA claim against the United States shall be permitted to proceed.

Therefore, IT IS on this 1st day of May, 2023,

ORDERED that Plaintiff's application to proceed *in forma pauperis* is granted; and it is further

ORDERD that the Clerk shall mark the complaint as deemed filed; and it is further

ORDERED that pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this memorandum and order by regular mail upon the United States Attorney for the District of New Jersey and the warden of F.C.I. Fairton; and it is further

ORDERED that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; and it is further

ORDERED that pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for each case a court has mandated a deduction under the PLRA; i.e., Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; and it is further

ORDERED that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce,* until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and it is further

ORDERED that Plaintiff's complaint against the United States shall be permitted to proceed past screening against the United States on Plaintiff's FTCA claim; and it is further

ORDERED that the Clerk shall provide to Plaintiff a transmittal letter explaining the procedure for completing the United States Marshal ("Marshal") 285 Form ("USM-285 Form") as to Defendant the United States; and it is further

ORDERED that once the Clerk receives the USM-285 Form from Plaintiff, the Clerk shall issue summons in connection with each USM-285 Form that have been submitted by Plaintiff; and the Marshal shall serve the summons, the complaint, this memorandum and order on the address specified on each USM-285 Form, with all costs of service advanced by the United States[1]; and it is further

ORDERED that the Defendant the United States shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

ORDERED the Clerk shall also serve on Plaintiff by regular U.S. mail the following: (1) a copy of this memorandum and order; and (2) a blank copy of a motion for the appointment of pro bono counsel in a prisoner civil rights case should Plaintiff elect to file such a motion.

                                                       s/ Robert B. Kugler
                                                      ROBERT B. KUGLER
                                                      United States District Judge

---

[1] Alternatively, the United States Marshal may notify Defendant that an action has been commenced and request that the Defendant waive personal service of a summons in accordance with Federal Rule of Civil Procedure 4(d).